# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GORDON ROBERT MELLING,

        Petitioner,                         Case Number: 5:10-CV-13466

v.                                          HON. JOHN CORBETT O'MEARA

JOHN W. PRELESNIK,

        Respondent.
                                      /

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Gordon Robert Melling is a state inmate currently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of first-degree felony murder and armed robbery. He was sentenced to life imprisonment for the felony-murder conviction and 18 years, 9 months to 50 years' imprisonment for the armed robbery conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised a single claim: that Michigan courts should not permit jurors to submit questions to witnesses during trial. The Michigan Court of Appeals held that the procedure was not improper and affirmed Petitioner's convictions. *People v. Melling*, No. 283460 (Mich. Ct. App. May 7, 2009). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the

same claim raised in the Michigan Court of Appeals. Leave to appeal was denied. *People v. Melling*, 485 Mich. 899 (Mich. 2009).

Petitioner then filed the pending habeas corpus petition. He presents the following claim:

> The trial court violated appellant's due process right to trial by an impartial jury by allowing jurors to submit questions for witnesses during the trial.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

### B.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

Petitioner argues that his right to a fair trial was violated because the trial court allowed jurors to submit questions for witnesses during the trial. The trial court asked several questions of witnesses on behalf of the jury. Petitioner argues that this practice encourages premature deliberations before all of the evidence has been presented.

The Michigan Court of Appeals found that the issue was not preserved, reviewed it for plain error, and found no such error. The state court held that juror questions are appropriate where the process ensures that inappropriate questions are not asked and the parties have an opportunity to object to the questions. The court found that, in this case, the jurors' questions were competent, served to clarify each witness's testimony, and did not prejudice defendant. The Michigan Court of Appeals further held that "the trial court implemented an orderly procedure . . . maintain[ing] the integrity of the judicial proceedings." *Melling*, slip op. at 2-3.

Petitioner has not identified and the Court has not found a holding of the Supreme Court finding the practice employed by the state court in this case to violate the Constitution or any federal law applicable to the states. *See, e.g., Mulkey v. Burghuis,* No. 1:07-CV-885, 2010 WL 2854414, *8 (W.D. Mich. Jun 23, 2010); *Rogers v. Wong*, 637 F. Supp. 2d 807, 825- 26 (E.D.Cal. 2009). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to

4

deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, in this case, the trial court employed sufficient procedural safeguards to guard against due process concerns. *See Baugh v. Quigley*, 2007 WL 2413089, *6 (E.D. Mich. Aug. 21, 2007) (approving process that allowed jurors to submit questions in writing to the trial court, which then reviewed the questions with the attorneys outside the presence of the jury). As noted by the Michigan Court of Appeals, in this case, the trial court utilized the following procedural safeguards: questions were submitted to the court in writing and the questions were then reviewed by the court and the attorneys for suitability. Further, the United States Court of Appeals for the Sixth Circuit has held that such practice is permissible in federal criminal trials:

> [T]here will be occasions when a district court may determine that the potential benefits to allowing such questions will outweigh the risks. Even cases that could not be described as complex may occasionally warrant questions by jurors, although we think that the balance of risks to benefits is more likely to weigh in favor of juror questions in complex cases.

*United States v. Collins*, 226 F.3d 457, 463 (6th Cir. 2000).

In the absence of any Supreme Court holding or federal law finding such a procedure inappropriate, the Court finds that the state court's decision approving the practice was not contrary to or an unreasonable application of Supreme Court precedent or federal law. Therefore, habeas corpus relief is denied.

**IV.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a

5

certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

**V.**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


s/John Corbett O'Meara
United States District Judge

Date: September 28, 2010


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 28, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager